```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LYNN FRIEDMAN AND KIM PHILLIP FRIEDMAN, | HONORABLE JEROME B. SIMANDLE |
|         Plaintiffs, | Civil No. 09-2214 (JBS/JS) |
|   v. | |
| BANK OF AMERICA, N.A. f/k/a FLEET BANK, N.A. f/k/a SUMMIT BANK OF NEW JERSEY, | **MEMORANDUM OPINION** |
|         Defendant. | |

APPEARANCES:

Gilbert W. Bates, Esq.
520 E. Myrtle Avenue
Lindenwold, NJ 08021
    Attorney for Plaintiffs

Diane A. Bettino, Esq.
REED SMITH, LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
    -and-
Melissa A. Wojtylak, Esq.
Ryan L. DiClemente, Esq.
REED SMITTH, LLP
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ 08540
    Attorneys for Defendant

**SIMANDLE**, Chief Judge:

I. INTRODUCTION

    This matter comes before the Court on Plaintiffs Lynn Friedman and Kim Phillip Friedman's motion to amend or alter judgment filed

pursuant to Fed. R. Civ. P. 59(e).  [Docket Item 70.]  Specifically, Plaintiffs request that the Court amend or alter this Court's March 26, 2012 decision to grant summary judgment to Defendant Bank of America, N.A., f/k/a Fleet Bank, N.A., f/k/a Summit Bank of New Jersey ("Defendant" or "Bank of America") and dismiss Plaintiffs' case. [Docket Item 70].  Plaintiffs claim that the Court misinterpreted existing evidence, that the tortious interference with contract claims needed to be resolved at trial, and that the Court failed to apply the "most favorable facts to the Plaintiff" standard.  [Id.] Defendant has filed opposition.  [Docket Item 71.]  The Court finds as follows:

    1.   The facts of this case are set forth in this Court's March 26, 2012 Opinion.  [Docket Item 68]; Friedman v. Bank of Am., N.A., Civ. No. 09-2214, 2012 WL 1019220 (D.N.J. Mar. 26, 2012).  This action arose out of Plaintiffs' failed attempts to refinance their home and obtain cash proceeds from the equity in their property.  Id. at *1.  Plaintiffs alleged that their inability to refinance was caused by Defendant's failure to provide Plaintiffs with a pay off statement on their defaulted mortgage.  Id.  Plaintiffs alleged four causes of action against Defendant: breach of contract, tortious interference, actual fraud, and violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, et seq.  Id.

2

2.  Defendant moved for summary judgment on all claims. [Docket Item 53.]  Plaintiffs filed opposition.  [Docket Item 54.] On March 26, 2012, this Court granted Defendant's motion for summary judgment because Plaintiffs failed to provide evidence to establish essential elements of their claims.  [Docket Item 68]; Friedman, 2012 WL 1019220, at *1.

3.  Plaintiffs filed the instant motion to alter or reconsider judgment on April 23, 2012.  [Docket Item 70.]  Plaintiffs claim that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' breach of contract claim; that the tortious interference with contract claims need to be resolved at trial; that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' fraud claim; that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' consumer fraud claim; that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' contract claim by failing to treat the statutory requirements under the Real Estate Settlement Procedures Act ("RESPA") as implied terms in the contract; and that the Court failed to apply the "most favorable facts to the Plaintiff" standard in granting summary judgment.  [Id.]

4.      A motion under Rule 59(e), titled a motion to alter or amend a judgment, is governed in this District by Local Civil Rule 7.1(i).[1] United States v. Compaction Sys. Corp., 88 F. Supp. 2d 399, 345 (D.N.J. 1999) (discussing the predecessor L. Civ. R. 7.1(g)).  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir.1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

5.      To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To prevail under the third prong, the moving

---

[1] Plaintiffs discuss the applicable standard of review as the standard for summary judgment.  As with many other parts of Plaintiffs' brief, it appears that Plaintiffs simply copied sections from their summary judgment brief verbatim.  See Pls.' Br. Opp'n Mot. Summ. J., 4.

4

party must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001). Because reconsideration of a decision after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "very sparingly." Ivan v. County of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2009). Plaintiffs have not argued that the there was an intervening change in the controlling law or that there is new evidence available. Therefore, the Court will consider whether Plaintiffs have demonstrated the need to correct a clear error of law or fact to prevent manifest injustice.

6.   The Court finds that Plaintiffs have failed to demonstrate the need to correct a clear error of law or fact to prevent manifest injustice. Plaintiffs' claims — that the Court misinterpreted existing evidence, that the tortious interference with contract claims needed to be resolved at trial, and that the Court failed to apply the correct standard — are without merit. The Court does not find Plaintiffs' arguments persuasive because the arguments do little more that restate, almost verbatim, Plaintiff's arguments against summary judgment, which this Court previously considered and adjudicated. See Pls.' Br. Opp'n Mot. Summ. J.  A "party seeking reconsideration must show more than a disagreement with the Court's

decision, and <u>recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden</u>."  <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal quotations and citation omitted)(emphasis added); <u>see also</u> <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011) (stating that Rule 59(e) motions "are not to be used as an opportunity to relitigate the case"); <u>Yurecko v. Port Auth. Trans-Hudson Corp.</u>, 279 F. Supp. 2d 606, 609 (D.N.J. 2003)(asserting that a party seeking reconsideration "should not restate arguments which the court has already considered").  Therefore, Plaintiffs' motion must be denied, for the reasons now discussed.

    7.   Plaintiffs first argue that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' breach of contract claim.  [Docket Item 70, at 7.]  In addition to simply repeating arguments made in Plaintiffs' brief in opposition to summary judgment, Plaintiffs rehash their argument that the mortgage was invalid and that Defendant breached the contract by defrauding Mr. Friedman and "drawing him into a loan contract then attempting to add his wife when she never agreed to be added and recording a forged mortgage document."  [Id. at 7.]  The Court finds this argument unpersuasive.  In its March 26, 2012 Opinion, the Court found that Mrs. Friedman did endorse and later ratify the 1999 mortgage.  <u>Friedman</u>, 2012 WL 1019220, at *7.  Furthermore, the Court

found that the 1999 mortgage contained no contractual obligation for Defendant to provide a pay off statement upon Plaintiffs' request and that the contract contained no contractual provisions relating to the proper way to document said mortgage.  Id.  Therefore, because Plaintiffs present no new evidence and make no new arguments to persuade the Court, the Court will not reconsider its previous decision.

8.   Plaintiffs next claim that the tortious interference with contract claims need to be resolved at trial.  [Docket Item 70, at 9.]  Plaintiffs argue that:

> BOA intentionally failed to provide Plaintiffs' [sic] with a loan payoff because they had reviewed the file, knew that they no longer had [sic] valid note and knew that they did not have a mortgage which was signed by Mrs. Friedman. Instead of being honest, they chose to sell the note to a third party knowing that there would be a foreclosure on a mortgage that didn't exist and was never signed by the owner of the property in the first place.

Id.  Plaintiffs offer no factual support for these arguments, and no support was offered prior to the rendering of the previous decision.  See Friedman, 2012 WL 1019220, at *8 (stating "[t]here is no evidence in the record that the Defendant acted intentionally or with malice in failing to provide the Plaintiffs with a pay off statement.  There is no evidence that Defendant received a written or telephonic request for a payoff statement.").  Plaintiffs fail to point to evidence the Court overlooked.  Therefore, because

7

Plaintiffs merely express disagreement with the Court's prior decision, and they present no support for their arguments, the Court will not reconsider its previous ruling.

9.   Plaintiffs also argue that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' fraud claim.  [Docket item 70, at 9.]  The basis of Plaintiffs' argument is that "[t]he Court missed the fact in its opinion that both parties agree that Mrs. Friedman never signed the note."  [Id. at 10.]  The Court rejects this argument.  Contrary to Plaintiffs' assertions, in this Court's March 26, 2012 Opinion, the Court addressed this claim in-depth.  See Friedman, 2012 WL 1019220, at *6-7.  Plaintiffs presented no evidence to support their allegation that the signature was forged.  Id. at *7, n.3.  Moreover, the Court found that Mrs. Friedman, through her inaction in previous lawsuits and her affirmance of the mortgage in the 2004 bankruptcy filing, was deemed to have ratified the loan.  Id. at *6-7.  In their current motion Plaintiffs provide no support for their assertions, and the Court sees no reason to find that there was a clear error of law or fact.  Therefore, the Court declines to reconsider its previous ruling on these grounds.

10.   Plaintiffs next claim that the Court misinterpreted existing evidence when granting summary judgment dismissing Plaintiffs' consumer fraud claim.  [Docket Item 70, at 11.]  In this

8

claim, Plaintiffs challenge the undisputed facts as being "replete with misrepresentations." [Id.] However, Plaintiffs provide no support for their allegations. As previously discussed, the Court will not reconsider its previous opinion based on unsupported claims.

11. Plaintiffs next argue that the Court misinterpreted existing evidence when granting summary judgment on Plaintiffs' contract claim by failing to treat the statutory requirements under RESPA as implied terms of the contract. [Docket Item 70, at 12.] Plaintiffs cite no relevant authority for this proposition. Moreover, the authority Plaintiffs do cite was not addressed in Plaintiffs' motion in opposition to summary judgment, and therefore it is not a "dispositive factual matter[] or controlling decision[] of law [that was] brought to the court's attention but not considered." See P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353. Therefore, the Court finds this argument unpersuasive as a reason to reconsider its previous opinion.

12. Finally, Plaintiffs argue that the Court failed to apply the "most favorable facts to the plaintiff" standard in its review of the pleadings on the summary judgment motion. [Docket Item 70, at 17.] To support this claim, Plaintiffs rely on arguments textually identical to those in their brief in opposition to summary judgment. [See Docket Item 54, at 16-17.] Specifically, Plaintiffs argue that since they filed their initial pleading in this

case pro se, they should be entitled to wider latitude on summary judgment.  [Docket Item 70, at 17.]  The Court did not find these arguments persuasive when considering the motion for summary judgment, and the Court still does not find these arguments to be persuasive.  First, Plaintiffs cite case law that is relevant for a motion to dismiss and has no applicability in a summary judgment analysis.  Moreover, Plaintiffs are currently represented by counsel and are no longer proceeding pro se.  Thus, these arguments are insufficient to serve as a basis for reconsideration.

    13.   Plaintiffs have not demonstrated that the March 26, 2012 ruling is "clearly wrong" or "that adherence to the decision would create a manifest injustice."  See Holiday Vill. E. Home Owners Ass'n, Inc. v. QBE Ins. Corp., 830 F. Supp. 2d 28, 30 (D.N.J. 2012) (quoting In re City of Phila. Litig., 158 F.3d 711, 718 (3d Cir. 1998)).  Plaintiffs reiterate verbatim arguments previously raised in their opposition to summary judgment and fail to present any sufficient reasons for the Court to reconsider the decision it has

already made based on those arguments.[2]  Plaintiffs' mere disagreement with the Court's decision "should be raised through the appellate process and is inappropriate on a motion for reargument."  See Yurecko, 279 F. Supp. 2d at 609.  Therefore, Plaintiffs' motion must be denied.

    14.   Based on the foregoing reasons, the Court denies Plaintiffs' motion to amend or alter judgment, and the accompanying Order will be entered.


**August 1, 2012**                     **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge

---

[2] Further, Plaintiffs' brief for reconsideration in large part copies word for word from the brief in opposition to summary judgment does not comply with Local Civil Rule 7.1(i), which requires the party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  Plaintiffs in this case merely seek to reargue their case by resubmitting their opposition to summary judgment under the guise of a Rule 59 motion.  Perhaps Plaintiffs are suggesting that this Court overlooked their entire opposition brief on the underlying motion; a simple reading of the March 26th Opinion demonstrates that each of their arguments was fully considered.